Michael J. Green (HI Bar No. 4451)
841 Bishop Street, Suite 2201
Honolulu, HI 96813
Telephone: 808-521-3336
Facsimile: 808-566-0347
Email: michaeljgreen@hawaii.rr.com

Nicholas C. Yost (CA Bar No. 35297)
Matthew G. Adams (CA Bar No. 229021)
*Admitted pro hac vice*
SNR Denton US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: 415-882-5000
Facsimile: 415-882-0300
Email: nicholas.yost@snrdenton.com
       matthew.adams@snrdenton.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HONOLULUTRAFFIC.COM; CLIFF SLATER; BENJAMIN J. CAYETANO; WALTER HEEN; HAWAII'S THOUSAND FRIENDS; THE SMALL BUSINESS HAWAII ENTREPRENEURIAL EDUCATION FOUNDATION; RANDALL W. ROTH; and DR. MICHAEL UECHI,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL TRANSIT ADMINISTRATION; LESLIE ROGERS, in his official capacity | Case No. 11-00307 AWT<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE FILED BY FAITH ACTION FOR COMMUNITY EQUITY, THE PACIFIC RESOURCE PARTNERSHIP, AND MELVIN USEATO**<br><br>Hon. A. Wallace Tashima<br><br>Action Filed: May 12, 2011<br>Trial Date: None Set |

| | |
|---|---|
| as Federal Transit Administration Regional Administrator; PETER M. ROGOFF, in his official capacity as Federal Transit Administration Administrator; UNITED STATES DEPARTMENT OF TRANSPORTATION; RAY LAHOOD, in his official capacity as Secretary of Transportation; THE CITY AND COUNTY OF HONOLULU; WAYNE YOSHIOKA, in his official capacity as Director of the City and County of Honolulu Department of Transportation.<br><br>        Defendants.<br><br>        and<br><br>FAITH ACTION FOR COMMUNITY EQUITY; THE PACIFIC RESOURCE PARTNERSHIP; MELVIN UESATO<br><br>        Intervenor Defendants. | |

## INTRODUCTION

Faith Action For Community Equity, the Pacific Resource Partnership, and Melvin Uesato (collectively, the "Proposed Intervenors") have moved to intervene in this challenge to the approval of the Honolulu High-Capacity Transit Corridor Project (the "Project") by the City and County of Honolulu ("City") and the Federal Transit Administration ("FTA").

The Proposed Intervenors have not provided a "compelling

showing" that the phalanx of law firms, corporation counsel, city and county entities, and federal agencies already involved in this case will fail properly to defend the Project. Accordingly, their Motion to Intervene should be denied.

**ARGUMENT**

**A.  Proposed Intervenors Do Not Meet The Requirements For Intervention As Of Right**

A party seeking to intervene as of right must meet four requirements:  (1) the applicant's interest must not be adequately represented by other parties; (2) the applicant must have a significantly protectable interest in the property or transaction that is the subject of the action; (3) the applicant must be situated such that disposing of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant must timely move to intervene.  Fed. R. Civ. P. 24(a); *see also Arakaki v. Cayetano*, 324 F, 3d 1078, 1083 (9th Cir. 2003).

Each of the four requirements "must be satisfied to support a right to intervene." *Arakaki*, 324 F.3d at 1083.  Indeed, "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F. 3d 947, 950 (9th Cir. 2009).

Here, Proposed Intervenors failed to satisfy the first of the criteria listed above — namely, that their interests are not adequately represented by other parties.  Accordingly, their request to intervene as of right must be

denied.

### 1. Proposed Intervenors Have Not Made A "Compelling Showing" Of Inadequate Representation

#### a) A "Compelling Showing" Of Inadequate Representation Is Required

In order to intervene as of right, an applicant must demonstrate that its interest is not adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2). Proposed Intervenors characterize this burden as "a minimal one" and suggest that they need only show that representation of their interests "may be inadequate." Proposed Intervenors' Memorandum In Support Of Motion To Intervene ("Int. Memo") at 25. That is not an accurate statement of the applicable law.

Proposed Intervenors have made it quite clear that their objective is to support, defend, and ensure the construction of the Project. *See, e.g.,* Int. Memo at 1-2 (intervention designed to defeat attempts to "curtail the construction of the Rail Project"), 3 ("Intervenors have advocated for the Rail Project from its inception to protect Intervenors' interests"), 17-21 (Proposed Intervenors' support for Project). The Defendants in this case have made it equally clear that they have the same objective. *See, e.g.,* Defendants' Motion For Judgment On The Pleadings (Doc. 37) at 3-4 (describing longstanding commitment to Project); Declaration of Nicholas Yost ("Yost Dec.") ¶ 6, Ex. A at 42:3 to 45:13 (describing Defendants' commitment to move forward with

the Project).

Where a proposed intervenor shares the same objective as a party already in the case, "a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a 'compelling showing' to the contrary." *Perry*, 587 F. 3d at 951; *see also Arakaki*, 324 F. 3d at 1086-87. That presumption applies with particular force where the applicant seeks to intervene on the side of a government entity. *See, e.g., Araraki*, 324 F. 3d at 1086 (absent a "very compelling showing to the contrary," court will presume adequate representation by government), *United States v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002) (presumption that United States adequately represents interests). Therefore, Proposed Intervenors must make an especially compelling showing of inadequate representation in order to establish a right to intervene in this case.[1]

---

[1] Proposed Intervenors assert that *Forest Conservation Council v. United States Forest Service*, 66 F. 3d 1489 (9th Cir. 1995) provides otherwise. They are mistaken. In *Forest Conservation Council*, a state and a county sought to intervene in a lawsuit concerning management activities in a National Forest adjacent to state land. *Forest Conservation Council*, 66 F. 3d at 1491. The management activities would have directly affected state-owned land and interfered with a contract between the county and the United States. Id. at 1492, 1498-99. The court held that, in those unusual circumstances, the presumption of adequate representation did not apply because (1) the state's land and resources (for which the United States had no responsibility) would have been affected and (2) the county's contract (to which the United States was a counterparty) would have been affected. *Id*. at 1498-99. No equivalent circumstances are present here. On the contrary, there is no evidence of a conflict of interest between the existing Defendants and the Proposed Intervenors.

### b) Proposed Intervenors Have Failed To Make The Requisite "Compelling Showing"

Proposed Intervenors have not made a compelling showing of inadequate representation. In fact, they have barely made any showing at all. The most they can muster is a vague, unsupported fear that because "many of the City and County of Honolulu's constituents may identify" with Plaintiffs, "the City and County of Honolulu may not be willing to make the same arguments that will be advanced by Intervenors." Int. Mem. at 28.

This tepid suggestion is a far cry from the "compelling showing" required to demonstrate inadequate representation.[2] First of all, it is entirely speculative. *See League of United Latin American Citizens v. Wilson*, 131 F. 3d 1297, 1307 (9th Cir. 1997) (speculative claim about future divergence of interest "does not justify intervention"). Proposed Intervenors have presented no **evidence** that the City and County of Honolulu's attorneys will refrain from making arguments in defense of the Project. *See* Int. Mem. at 25-28. Nor have they identified any specific arguments the City will fail to make. *Id.*; *see also Perry*, 587 F. 3d at 953-54 (denying intervention where applicant failed to identify any significant issues on which existing representation would be insufficient).

Second, Proposed Intervenors' suggestion is inconsistent with the

---

[2] That said, Plaintiffs **do** appreciate Proposed Intervenors' candid recognition of the widespread opposition to the Project among the citizens of Honolulu.

factual record. The City has mounted an extremely aggressive defense of the Project. Among other things, it (1) filed a Motion for Judgment on the Pleadings before the Administrative Record was prepared; (2) requested the right to pursue additional motions for summary adjudication prior to the parties' cross-motions for summary judgment; and (3) has declared an interest in conducting discovery. *See* Motion for Judgment on the Pleadings (Doc. 37-40); Rule 16 Scheduling Order (Doc. 66) at ¶¶ 4 (discovery), 8 (summary adjudication). Each of these things is very unusual in an Administrative Procedure Act case such as this one. Yost Dec., ¶ 4. [3] It cannot be said that the City has left any stone unturned. And, in any event, Proposed Intervenors have failed to identify any unturned stones. *See Perry*, 587 F. 3d at 953-55 (denying intervention where proposed intervenor failed to identify significant disagreement with existing party's conduct of the case).

Third, Proposed Intervenors provide no reason to believe that the attorneys for the City cannot capably argue on behalf of the Project. *See Arakaki*, 324 F. 3d at 1086-87 (capability of attorneys for existing parties is a relevant consideration); Int. Mem. at 25-28 (failing to address issue). The City is represented in this case by its Corporation Counsel, as well as two private

---

[3] Nor have the attorneys for the City indicated any intent to abandon the Project. On the contrary, they have made it quite clear that the City plans to build the Project without delay. Yost Dec., ¶ 5; *see also id.* ¶ 6, Ex. A at 42:3 to 45:13 (describing Defendants' commitment to move forward with the Project).

law firms.  Proposed Intervenors do not explain why this formidable legal team is incapable of articulating a defense of the Project.

Fourth, Proposed Intervenors ignore the fact that the federal government has also mounted vigorous defense of the Project.  Even if it were true that the City could not or would not defend the Project (and, as explained above, that is clearly *not* the case), there is no reason to believe that the United States would fail to provide such a defense.  After all, this is a federal case challenging a federal agency's approval of a federal project under federal environmental laws.

Moreover, Proposed Intervenors' concerns ring hollow in light of their sworn statements declaring involvement in — and influence over — the Project.  To briefly summarize, those statements proudly declare that (1) Proposed Intervenors have paid for television, radio, and newspaper advertising in support of the Project; (2) Proposed Intervenors provided funds for City officials to travel (with "private sector leaders") from Honolulu to a rail conference in Washington, DC; and (3) (perhaps not surprisingly) a member of Proposed Intervenors obtained a contract to construct the Project. *See, e.g.,* Declaration of John White, ¶¶ 7, 11.  Proposed Intervenors' heavy investment in local government appears to have been quite effective; there is no reason to believe that the City will turn its back on them now.

Finally, it is worth noting the Ninth Circuit has made it quite clear

that mere "differences in strategy" are "not enough to justify intervention as of right." *See, e.g., City of Los Angeles*, 288 F. 3d at 402-03. Even if the Proposed Intervenors could articulate some argument or tactic differentiating their position from the position of the existing Defendants, it would not be enough to satisfy the obligation to make a "compelling showing" of inadequate representation. *See Perry*, 587 F. 3d at 954. To intervene as of right, Proposed Intervenors must demonstrate that "necessary elements to the proceeding" cannot or will not be asserted by the existing parties. *Id.* citing *Araraki*, 324 F. 3d at 1086. Nothing in the Motion to Intervene even approaches such a showing.

**B. Proposed Intervenors' Request For Permissive Intervention Should Be Denied**

Intervenors also seek permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. *See* Int. Memo at 28-29. For the same reasons set forth above — namely, the absence of any evidence that the existing Defendants will not represent Proposed Intervenors' interests — the Court should deny that request. *See, e.g., Perry*, 587 F. 3d at 955 (affirming denial of permissive intervention on the ground that applicant's interests were already well-represented by existing parties); *California v. Tahoe Regional Planning Agency* 792 F. 2d 775 (9th Cir. 1986) (same).

The Proposed Intervenors have not identified any specific issue on which they will contribute a new legal perspective. Int. Mem. at 28-30. And,

because this is an Administrative Procedure Act case that will be resolved on the basis of a fixed administrative record, Proposed Intervenors will not help develop the factual record.

What Proposed Intervenors *will* do is add to the prodigious pile of paper Defendants plan to generate. As noted above, the existing Defendants have indicated an interest in filing motions for summary adjudication prior to the parties' cross-motions for summary judgment. *See* Rule 16 Scheduling Order (Doc. 66) at ¶ 8. If Proposed Intervenors are allowed to participate in that process, Defendants' briefing will run more than 120 pages.

Moreover, the existing Defendants have reserved an additional 190 pages worth of briefing for their summary judgment briefing. Adding a proportionate number for the Proposed Intervenors would bring the total to 295 pages for Defendants' side of the summary judgment briefing alone.

All of this is quite unnecessary. Proposed Intervenors will not contribute anything, factual or legal, to the case; therefore their request for permissive intervention should be denied.

Respectfully submitted,

Dated: January 26, 2012

/s/ Michael J. Green

Michael J. Green (HI Bar No. 4451)

Attorneys for Plaintiffs HonoluluTraffic.com, Cliff Slater, Benjamin J. Cayetano, Walter Heen, Hawaii's Thousand Friends, The Small Business Hawaii Entrepreneurial Education Foundation, Randall W. Roth, and Dr. Michael Uechi.

/s/ Nicholas C. Yost

Nicholas C. Yost (CA Bar No. 35297)
Matthew G. Adams (CA Bar No. 229021)
SNR Denton US LLP
525 Market Street, 26th Floor
San Francisco, CA  94105-2708
Telephone:  (415) 882-5000
Facsimile:   (415) 882-0300

Attorneys for Plaintiffs HonoluluTraffic.com Cliff Slater, Benjamin J. Cayetano, Walter Heen, Hawaii's Thousand Friends, The Small Business Hawaii Entrepreneurial Education Foundation, Randall W. Roth, and Dr. Michael Uechi.