1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| HONOLULUTRAFFIC.COM; CLIFF SLATER; BENJAMIN CAYETANO; WALTER HEEN; HAWAII'S THOUSAND FRIENDS; THE SMALL BUSINESS HAWAII ENTREPRENEURIAL EDUCATION FOUNDATION; RANDALL W. ROTH; DR. MICHAEL UECHI; and THE OUTDOOR CIRCLE, | CV No. 11-0307 AWT  **ORDER RE MOTION TO MODIFY PARTIAL INJUNCTION** |
| Plaintiffs, | |
| vs. | |
| FEDERAL TRANSIT ADMINISTRATION; LESLIE ROGERS, in his official capacity as Federal Transit Administration Regional Administrator; PETER M. ROGOFF, in his official capacity as Federal Transit Administration Administrator; UNITED STATES DEPARTMENT OF TRANSPORTATION; RAY LaHOOD, in his official capacity as Secretary of Transportation; THE CITY AND COUNTY OF HONOLULU; and MICHAEL FORMBY, in his official capacity as Director of the City and County of Honolulu Department of Transportation, | |
| Defendants, | |

FAITH ACTION FOR COMMUNITY EQUITY; PACIFIC RESOURCE PARTNERSHIP; and MELVIN UESATO,

    Intervenors - Defendants.

Before the court is City Defendants' Motion to Clarify and Modify Partial Injunction, which now has been fully briefed. Plaintiffs oppose the motion, at least in part. No other party opposes the motion.

City Defendants seek to modify[1] the partial injunction in four ways: (1) to permit certain types of real estate acquisition activities; (2) to negotiate, but not acquire, rights of way; (3) to permit relocation of owners and tenants of property acquired before issuance of the injunction; and (4) to permit real estate acquisition activities in those areas of Phase 4 of the Project which would be necessary either under the present Project alignment for Phase 4, or under the Beretania Street Tunnel Alternative.

Plaintiffs appealed the final judgment and partial injunction on February 11, 2013. Once an appeal is taken, the trial court is divested of jurisdiction over the matters appealed. *See McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982). City Defendants argue, however, that their instant motion falls under an exception to the general rule; namely, that the district court can take action to preserve the *status quo pendente lite*. *See id.*; *see also Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001); *Natural Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166-67 (9th Cir. 2001). The court is unconvinced. Plainly, the sought modifications would permit City Defendants to engage in certain Phase 4 activities now prohibited by the partial injunction; their purpose and effect are not to preserve the *status quo*. Thus, "[these] modification[s would] alter[] the status quo by removing the [existing] prohibition . . . ." *Small v. Operative Plasterers' &*

---

[1] City Defendants also use the word "clarify" in describing the changes they want to the partial injunction, but clarification does not appear to be the objective of this motion.

*Cement Masons' Int'l Ass'n Local 200*, 611 F.3d 483, 495 (9th Cir.2010).

For the forgoing reasons, the court concludes that it is without jurisdiction to grant City Defendants' motion. The motion is therefore **DENIED.** This denial, however, is without prejudice to the further proceedings set forth below.

Plaintiffs have made it known that, if this court had jurisdiction, they would not oppose certain of the modifications sought by City Defendants. The court thus hereby indicates that if City Defendants can obtain a *Crateo*[2] remand from the Ninth Circuit, this court would look favorably on City Defendants' motion to modify the partial injunction to the extent that: (1) it is not opposed by Plaintiffs; and (2) City Defendants and Plaintiffs can reach agreement on the language of such modifications.

**IT IS SO ORDERED**.

DATED this 22nd day of April, 2013.

/s/ *A. Wallace Tashima*
A. WALLACE TASHIMA
United States Circuit Judge
Sitting by Designation.

---

[2] *See Crateo, Inc. v. Intermark, Inc. (In re Crateo)*, 536 F.2d 862, 869 (9th Cir. 1976).

- 3 -